AARON LEVY, RESPONDENT, *v.* JOHN BEACHAM,
APPELLANT.

*Supplementary proceedings — examination before the return of an execution — the affidavit must show a demand upon the debtor.*

Under section 2436 of the Code of Civil Procedure, providing that, in order to obtain an order requiring a judgment-debtor to be examined concerning his property in aid of an execution, the judgment-creditor must prove that the debtor has property which he unjustly refused to apply towards the satisfaction of the judgment, the affidavit upon which such an order is granted must state that a demand, that such an application be made, has been made upon the judgment-debtor, and in default thereof the affidavit is fatally defective.

APPEAL by the defendant John Beacham from an order of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 18th day of March, 1892, denying a motion to vacate an order in supplementary proceedings.

The affidavit upon which the order was granted failed to show that a demand had been made upon the defendant that he apply his property towards the satisfaction of the judgment.

*P. Q. Eckerson,* for the appellant.

*J. Goldman,* for the respondent.

PER CURIAM :

Without disposing of the other questions raised upon this appeal, as to the sufficiency of the affidavit, there is one respect in which it appears to be fatally defective and to require a reversal of the order.

Section 2436 of the Code requires that in order to obtain an order requiring the judgment-debtor to be examined, concerning his property in aid of the execution, the judgment-creditor must prove to the court that the judgment-debtor has property which he unjustly refuses to apply towards the satisfaction of the judgment. Such proof must show that a demand of the application of the property to the payment of the judgment has been made, otherwise no refusal can be established. This is the rule which has been laid down in the case of the *First National Bank* v. *Wilson* (13 Hun, 232), and *Hutson* v. *Weld* (38 id., 142).

The order should be reversed and the order for the examination dismissed, with costs.

Present — Van Brunt, P. J., O'Brien and Andrews, JJ.

Order reversed and order for the examination dismissed, with costs.

64    63
138a 333

64    63
29ap619

JOHN FOLEY, Jr., and Others, Respondents, *v.* THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Appellant.

*Guardian in socage — his rights relate only to personal property — a surrender of an endowment life insurance policy — ratification by an infant — counter-claim.*

A life insurance company issued, in 1876, to one Foley an endowment policy, payable in 1891. In 1879 Foley assigned it to his wife and children. In the same year his wife died seized of real estate, leaving a will in which she appointed her husband executor and also guardian of her children, and to them she bequeathed all her property in equal shares.

In 1888 Foley surrendered the policy, as executor and guardian, and receipted in those capacities for the moneys paid by the company on such surrender. No letters of guardianship were ever issued to Foley.

In an action brought by the children to have the surrender by Foley declared to be void and to have the policy reinstated:

*Held,* that Mrs. Foley's appointment, by her will, of her husband as guardian of their children was invalid.

That, even if it had been valid, until letters of guardianship had been issued to him, he would have had no power over the estate of his children.

That Foley, as guardian in socage, had no power to surrender the policy.

That the rights of such a guardian are controlled by the Revised Statutes and do not extend to personal property.

That where an infant does not expressly ratify an act, it must appear that, after majority, he accepted the fruits of the unauthorized act, or in some way is benefited by it.

That as a father was obliged by law to support his children, the insurance company would not be allowed to set up as a counter-claim, against the recovery of the sum which was paid by it upon the surrender of the policy by the father, such sums of money as the father had expended for the maintenance of the children.

Appeal by the defendant, the Mutual Life Insurance Company, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 9th day of June,